UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

THOMAS R.[1],                               )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )       CIVIL NO.  1:18cv255
                                            )
NANCY A. BERRYHILL, Acting                  )
Commissioner of Social Security,            )
                                            )
            Defendant.                      )

OPINION AND ORDER

    This matter is before the court for judicial review of a final decision of the defendant

Commissioner of Social Security Administration denying Plaintiff's application for Disability

Insurance Benefits (DIB) as provided for in the Social Security Act.  42 U.S.C. §416(I).  Section

405[g] of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a

certified copy of the transcript of the record including the evidence upon which the findings and

decision complained of are based.  The court shall have the power to enter, upon the pleadings

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

[Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he

findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be

conclusive. . . ."  42 U.S.C. §405(g).

    The law provides that an applicant for disability insurance benefits must establish an

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to last for a continuous period of not less

than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental

_____

    [1]  Plaintiff's full name will not be used in this order to protect privacy.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

    1.      The claimant meets the insured status requirements of the Social Security Act

through December 31, 2021

2. The claimant engaged in substantial gainful activity during the following periods: since June 2016 (20 CFR 404.1420(b) and 404.1571 *et seq*.).

3. However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: low vision in the left eye; history of left knee meniscal tear and surgery/chrondromalacia; mild obesity; depression; bipolar II disorder; and, anxiety (20 CFR 404.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: can occasionally operate foot controls bilaterally; can occasionally climb ramps and stairs; cannot climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles, can read ordinary newspaper or book print; can read fine print; can view a computer screen; can determine differences in the size and shape of small objects such as screws, nuts, or bolts; limited to performing simple, routine, and repetitive tasks; limited to simple work-related decisions; and, limited to tolerating occasional changes in a routine work setting.

7. The claimant is capable of performing past relevant work in customer service. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8. The claimant has not been under a disability, as defined in the Social Security Act, from May 15, 2015, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 14- 25).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on March 11, 2019. On April 19, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step four was the determinative inquiry.

Plaintiff's date last insured is December 31, 2021. Born in 1975, he was 39 years old as of the alleged onset date. He had at least a high school education.

Consultative examiner, H.M. Bacchus, Jr., M.D., identified degenerative joint disease of the bilateral knees. On November 17, 2015, Plaintiff underwent a left knee meniscectomy. Consultative examiner Bacchus also confirmed that Plaintiff has blindness in the left eye and that he barely can see shadows at 6 inches.

Psychological Consultative Examiner, Alan Stage, Ph.D., diagnosed bipolar disorder and generalized anxiety disorder. Consultative examiner Bacchus also confirmed bipolar disorder. Plaintiff's treating psychiatrists at Northeastern Center had primarily diagnosed him with bipolar disorder, moderate, and major depressive disorder, but also had diagnosed him with anxiety disorder, NOS and social phobia. Plaintiff received treatment at Northeastern Center from February 1, 2012 to December 13, 2013. During this time period, his multiple GAF scores ranged from 45 to 55; and, his medication regimen consisted variously of Lithium, Clonidine, Lamictal, Trazadone, and Inderal. Plaintiff also received treatment at Northeastern Center from May 30, 2007 to September 28, 2009. During this time period, his multiple GAF scores stayed at 50 until discharge when he was assigned a 60; and, his medication regimen consisted variously of Geodon, Lithium, Lamictal, Thorazine, Depakote, Seroquel, Cymbalta, Xanax, Ativan, Invega, Ambien, and Lunesta.

In support of remand Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the RFC, and erred in not considering the combined impact thereof. More specifically, Plaintiff argues that the ALJ's RFC finding did not properly account for his moderate limitation in concentration, persistence, and pace ("CPP").

An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). Moreover, an ALJ may not ignore entire lines of evidence. *Zurawski v. Halter*, 245 F.3d. 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of evidence contrary to her

conclusion. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). In explaining an RFC assessment, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'".

In the present case, the ALJ limited Plaintiff to performing simple, routine, and repetitive tasks and to simple work-related decisions. Plaintiff, without any discussion at all, claims that these limitations are insufficient to encompass CPP factors.

A review of the ALJ decision shows that the ALJ noted that Plaintiff stated that he had difficulty concentrating at work, and that due to his memory, he writes down tasks to be performed (Tr. 18). The ALJ further noted that Plaintiff "offered that he had been sidetracked" (Tr. 18). However, Plaintiff reported to Dr. Miller than he had "no decrease in concentrating ability" (Tr. 18, 809). In his June 20154 Function Report, Plaintiff confirmed that he finished tasks and can pay attention for a "couple [of] hours" (Tr. 18, 706). Plaintiff's wife confirmed in her June 2015 report that Plaintiff finished tasks, and stated that he can pay attention for one hour "[i]f interested" (Tr. 18, 698). Based on all of the above, the ALJ found that the evidence was insufficient to support deficits that prevent Plaintiff from completing simple work tasks (Tr. 18). The ALJ found that Plaintiff would be able to stay on task, provided that the tasks were simple, routine, and repetitive. The ALJ's RFC finding limited Plaintiff to such tasks (Tr. 19). Thus, Plaintiff's argument has no merit and the ALJ's decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: July 22, 2019.

s/ William C.  Lee
William C. Lee, Judge
United States District Court